**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **LATONYA JOSEPH;** | § | |
| **Plaintiffs** | § | **C.A. NO. 4:25−cv−04438** |
| | § | |
| **V.** | § | |
| | § | |
| **TEXAS SOUTHERN UNIVERSITY (TSU)** | § | **JURY TRIAL DEMANDED** |
| **BOARD OF REGENTS** | § | |
| **Defendant** | § | |

**PLAINTIFF'S THIRD AMENDED COLLECTIVE ACTION COMPLAINT AND JURY DEMAND**

TO THE HONORABLE JUDGE GEORGE C. HANKS, JR:

COMES NOW, Plaintiff Latonya Joseph ("Plaintiff" or "Joseph") and files this Plaintiff's Third Amended Collective Action Complaint and Jury Demand against Texas Southern University ("TSU" or "Defendant"), and for cause of action would show as follows:

## I.
## INTRODUCTION

1. This is a class action for unpaid wages and overtime brought pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA").

## II.
## PARTIES

2. Plaintiff Joseph is a citizen of the United States of America.

3. Joseph is a former employee of Defendant.

4. TSU is a Texas Entity duly authorized to do business in the State of Texas. Service of the Summons and this Complaint may be made by serving this Defendant's registered agent Office of General Counsel at Hannah Hall, Suite 340, 3100 Cleburne St, Houston, Texas 77004.

5. Whenever in this petition it is alleged that Defendant committed any act or omission, it is meant that the Defendant's officers, directors, vice-principals, agents, servants, or employees committed such act or omission and that at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Defendant or was done in the routine normal course and scope of employment of Defendant's officers, directors, vice-principals, agents, servants, or employees.

## III.
## JURISDICTION AND VENUE

6. This court has subject matter jurisdiction in this case pursuant to 28 U.S.C. § 1331 (federal question) since Plaintiffs are bringing this claim under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*

7. Jurisdiction is proper pursuant to 28 U.S.C. §§ 1331, 1343, and 1367.

8. Venue is proper in the United States District Court for the Southern District of Texas, Houston Division, under 28 U.S.C. § 1391(b) since the substantial part of the events or omissions giving rise to this cause of action occurred in Houston, Texas.

9. Venue is proper in the United States District Court for the Southern District of Texas, Houston Division since Plaintiff was employed at Defendant's facilities located in Houston, Texas.

10. The amount in controversy is within the jurisdictional limits of this Court.

11. This Court has jurisdiction over all claims in this action.

12. All conditions precedent to filing this cause of action have been met.

## IV.
## FACTUAL BACKGROUND

13. Joseph was employed by Defendant from September 2016 until July 31, 2024.

14. At the time her employment ended, Joseph was employed as a Board Coordinator.

15. Plaintiff was an "employee" as that term is defined under 29 U.S.C 203(e)(1).

16. Upon information and belief, Defendant is an "enterprise" as defined by the FLSA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in interstate commerce throughout the United States.

17. Upon information and belief, Defendant is an "employer" as that term is defined under 29 U.S.C. § 203(d), (r) and (s).

18. Upon information and belief, Defendant's annual gross volume of sales made or business done exceeds $500,000, exclusive of excise taxes.

19. From about October 23, 2023 through June 14, 2024, Ms. Joseph worked (on average) 55 hours per week. In a blatant violation of the FLSA, Defendant required Plaintiff to work these hours without paying her for **any** of the overtime hours she worked. In short, TSU required Plaintiff to work overtime hours for free during this period of time.

20. Upon information and belief, Defendant required other similarly-situated employees to work overtime hours without paying them overtime pay.

21. Defendant improperly classified Plaintiff as an "exempt" employee. Despite Plaintiff's alleged "exempt" status, she was **not paid** for any hours of work that she missed in a workday **unless she used her Paid Time Off (PTO) to cover the hours that she did not work.** Defendant's refusal to pay Ms. Joseph a set salary for the amount of hours she worked destroys Defendant's claim that Plaintiff was an "exempt" employee.

22. Upon information and belief, Defendant uniformly classified all of its similarly-situated employees, including Plaintiff, as exempt from the FLSA.

23. Upon information and belief, Defendant did not keep accurate records of the hours worked by Plaintiff.

24. Upon information and belief, Defendant did not keep accurate records of the hours worked by any of its employees.

25. Upon information and belief, Defendant did not pay any of its similarly-situated employees for the overtime hours they worked in an average week. Consequently, Defendant's non-exempt employees did not receive overtime pay for hours they worked in excess of forty (40) hours a week.

26. Plaintiff Joseph was a full-time, non-exempt employee of Defendant.

27. As a non-exempt hourly employee, Joseph was entitled to overtime pay.

28. Joseph should have received time and one-half pay for any overtime hours she worked in order for Defendant to comply with requirements under the FLSA.

29. Defendant did not pay Joseph time and a half for all hours worked in excess of forty hours per single work week, in violation of 29 U.S.C. § 207(a).

30. No lawful exemption excused Defendant from paying Joseph overtime for hours worked in excess of 40 hours per week.

31. Defendant did not make a good faith effort to comply with the FLSA.

32. Defendant's failure to pay overtime under the FLSA was willful as that term is defined under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*

**V.**
**CAUSES OF ACTION**

**Cause of Action: FLSA Violations/Collective Actions**

33. Plaintiffs incorporate by reference all of the foregoing allegations in each of the paragraphs above as fully set forth herein.

34. Other similarly situated employees of Defendant were regularly required to work in excess of 40 (forty) hours per week.

35. The foregoing facts demonstrate that Defendant willfully violated the Fair Labor Standards Act with regard to Plaintiff and all other similarly situated employees.

36. Plaintiff brings her FLSA claim as a collective action.

37. Plaintiffs request all damages allowed to them under the FLSA for Defendant's willful violation of the FSLA.

Damages Under the FLSA

38. Plaintiffs incorporate by reference all of the foregoing allegations in each of the paragraphs above as fully set forth herein.

39. Plaintiffs have lost compensation for the period of time allowed by law that Defendant failed to pay Plaintiffs for the overtime hours they worked.

40. The FLSA violations of the Defendant give rise to the following damages: back wages, liquidated damages, pre-judgment interest, and attorneys' fees.

41. In addition, Plaintiffs seek attorneys' fees, expert witness fees, pre-judgment and post-judgment interest, and costs of court as allowed under the relevant statute.

<u>Attorney's Fees Under the FLSA</u>

42. Plaintiffs incorporate by reference all of the foregoing allegations in each of the paragraphs above as fully set forth herein.

43. As a result of the acts and omissions of Defendants, as specifically set forth herein, it was necessary for Plaintiffs to secure counsel to present and prosecute this matter on their behalf.

44. Plaintiffs are entitled to recover attorneys' fees and costs for bringing this action pursuant to 29 U.S.C. § 201, *et seq.*, and other relevant statutes.

## VI.
## JURY DEMAND

45. Plaintiffs hereby request a trial by jury on all issues triable by a jury in this case.

## VII.
## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray that this Court:

A. Issue notice to all similarly-situated employees of their right to file consents to join this FLSA action;

B. Award plaintiff and all class members their unpaid overtime rate of pay for all hours worked in excess of forty per single work week during the relevant period;

C. Award plaintiff and all class members liquidated damages in the amount equal to the amount of their unpaid overtime rate of pay for all hours worked in excess of forty per single work week as provided under 20 U.S.C. § 216(b);

D. Award plaintiff and all class members their reasonable and necessary attorneys' fees;

E. Award pre-judgment and post-judgment interest as allowed by law;

F. Award costs of court, costs of prosecuting Plaintiffs' claim; and

G. Award such other and further relief to which Plaintiffs may be justly entitled: and

Respectfully submitted,

*/s/ Andrew L Mintz*
Andrew L. Mintz
Texas Bar No. 24037120
SD TX I.D. No. 35220
andrew@almintzlawfirm.com
ANDREW L. MINTZ, PLLC
2100 West Loop South, Suite 1125
Houston, Texas 77027
Ph: (713) 859-3828
Fax: (832) 626-0389

**ATTORNEY FOR PLAINTIFF LATONYA JOSEPH**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of this document has been served via email on this the 11th day of May, 2026 to counsel as follows:

Jordan P. Woody
Assistant Attorney General Office of the Attorney General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548

/s/ *Andrew L. Mintz*
Andrew L. Mintz