United States District Court
Southern District of Texas
**ENTERED**
October 01, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| Latonya L. Joseph, *Plaintiff*, | § § § | |
| v. | § | Civil Action H-25-4438 |
| Texas Southern University (TSU) Board of Regents, *Defendant*. | § § § § | |

## MEMORANDUM AND RECOMMENDATION

Pending before the court are Texas Southern University (TSU) Board of Regents' motions to dismiss. ECF Nos. 29, 38. This case has been referred to the undersigned magistrate judge for all pretrial purposes. ECF No. 37. The court recommends that Defendant's March 4, 2026 Motion to Dismiss, ECF No. 29, be **DENIED as moot**. The court recommends that the May 11, 2026 Motion to Dismiss, ECF No. 38, be **GRANTED**, and that this case be **DISMISSED without prejudice.**

Plaintiff Latonya Joseph's Third Amended Collective Action Complaint and Jury Demand, ECF No. 36, is the operative pleading in the case. Plaintiff brings a collective action for unpaid wages and overtime under the Fair Labor Standards Act (FLSA). *Id.* Defendant argues in its Motion to Dismiss that it is an arm of the state, and that, as such, Plaintiff's FLSA claims are barred by Eleventh Amendment sovereign immunity. ECF No. 38 at 1. That issue is dispositive here, so the court does not address the other arguments presented. Plaintiff did not respond to Defendant's latest motion to dismiss, ECF No. 38. She did, however, respond to earlier motions to dismiss that were directed to earlier versions of her pleadings. Because Plaintiff's earlier responses address the

same issues raised in the instant motion, the court has considered those responses.

Absent consent to suit, waiver of immunity by the state, or congressional abrogation of sovereign immunity, the "Eleventh Amendment bars federal lawsuits by a U.S. citizen against a state or against a state agency or department." *Fortenberry v. Bd. of Pardons & Parole*, No. 15-cv-167, 2018 WL 9739270, at *1 (N.D. Tex. Sep. 28, 2018) (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *Neuwirth v. La. State Bd. of Dentistry*, 845 F.2d 553, 555 (5th Cir. 1988)); *Perez v. Region 20 Educ. Serv. Ctr.*, 307 F.3d 318, 326 (5th Cir. 2002) (citing U.S. CONST. amend. XI). "Because [Eleventh Amendment] sovereign immunity deprives the court of jurisdiction, the claims barred . . . can be dismissed only under [Federal Rule of Civil Procedure] 12(b)(1) and [without] prejudice." *Duhon v. Healthcare Pros.' Found. of La.*, No. 20-2022, 2022 WL 317302, at *4 (E.D. La. Feb. 2, 2022) (quoting *Warnock v. Pecos Cnty*, 88 F.3d 341, 343 (5th Cir. 1996)).

The TSU Board of Regents is an arm of the state of Texas. *Slade v. Tex. S. Univ. Bd. of Regents*, 232 S.W.3d 395, 398 (Tex. App.—Houston [1st Dist.] 2007, no pet.); *Hudson v. Bd. of Regents of Tex. S. Univ.*, No. 05-3297, 2008 WL 2754622, at *5 (S.D. Tex. July 14, 2008). It is therefore entitled to sovereign immunity unless it has consented to suit or its immunity has been waived or abrogated by Congress.

In her responses to prior versions of Defendant's motions to dismiss, Plaintiff did not argue that Defendant is not an arm of the state. She argues only that Congress abrogated state sovereign immunity when it amended 29 U.S.C. Section 216(b) to allow suits against a "public agency." Joseph's argument is based on the Supreme Court's holding in *Garcia v. San Antonio Metropolitan Transit Authority*, 469 U.S. 528 (1985). In *Garcia*, the Court did

indeed find that Congress abrogated state sovereign immunity when it amended the statute. 469 U.S. at 554. However, subsequent developments in the law have changed *Garcia*'s result.

In *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 72–73 (1996), the Court held that Congress may not abrogate a state's sovereign immunity under its Article I Commerce Clause power but instead must rely on its power under the Fourteenth Amendment to do so. Because Congress acted under the Commerce Clause when it amended Section 216(b)—instead of acting under the Fourteenth Amendment—its attempt to abrogate sovereign immunity to allow FLSA suits against public agencies was invalid. *Alden v. Maine*, 527 U.S. 706, 712 (1999) ("While [this] suit was pending, this Court decided *Seminole Tribe*, which made it clear that Congress lacks power under Article I to abrogate the States' sovereign immunity from suits commenced or prosecuted in the federal courts." (full citation omitted)). Every circuit court that has addressed this issue since the decision in *Seminole Tribe* has concluded that the FLSA does not contain an effective abrogation of state sovereign immunity. *Bach v. Tex. State Univ.*, No. 14-CV-0027, 2014 WL 12885053, at *3 (W.D. Tex. July 17, 2014) (collecting cases), *R. & R. adopted*, 2014 WL 12885068 (W.D. Tex. Sep. 15, 2014).

Because Defendant is an arm of the state, it is entitled to Eleventh Amendment sovereign immunity from suit under the FLSA. Accordingly, the court recommends that the May 11, 2026 Motion to Dismiss, ECF No. 38, be **GRANTED**, and that this case be **DISMISSED without prejudice.**

Additionally, because Plaintiff amended her complaint after Defendant filed its March 4, 2026 Motion to Dismiss, the court recommends that Motion, ECF No. 29, be **DENIED as moot.**

The parties have fourteen days from service of this Memorandum and Recommendation to file written objections. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed at Houston, Texas, on October 1, 2026.

Peter Bray
United States Magistrate Judge